J-S78030-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| M.J.(E.)G., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.M.E. | : | No. 1127 WDA 2017 |

Appeal from the Order Dated July 19, 2017
In the Court of Common Pleas of Blair County Civil Division
at No(s): 2007 GN 5031

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                FILED JANUARY 3, 2018

Appellant, M.J.(E.)G. ("Mother"), appeals from the July 19, 2017 Order entered in the Court of Common Pleas of Blair County, which denied Mother's Petition for Relocation with regards to R.E. After careful review, we affirm.

Mother and Appellee, D.M.E. ("Father"), have been divorced since January 2008. They are parents to four children, W.E., M.E., B.E., and fourteen-year-old R.E., who is the subject of this appeal. Pursuant to prior custody orders, Mother had primary custody of B.E. and R.E., who are twins, and Father had visitation every other weekend.[1]

_____

[1] B.E. is a non-verbal special needs child who has been diagnosed with Down Syndrome, Autism, and Sensory-Integration Disorder, and requires specialized education and medical care.

_____

* Retired Senior Judge assigned to the Superior Court.

J-S78030-17

Mother worked at a family business for 23 years, until it closed in 2015. From September 2015 to February 2017, Mother lived in Bellwood, Pennsylvania and worked local minimum wage jobs while seeking employment that was more lucrative. Mother expanded her job search and, in January 2017, obtained employment in Pittsburgh, Pennsylvania, approximately 90 miles away.

Mother informed Father of her intention to move but did not file a notice of proposed relocation pursuant to 23 Pa.C.S. § 5337.[2] In response, Father filed a Petition to Prohibit Plaintiff/Respondent from Relocating Child Pursuant to 23 Pa.C.S. § 5337 ("Petition to Prohibit Relocation"). On February 24, 2017, the trial court issued an Ex Parte Order prohibiting Mother from relocating R.E. until the court held a hearing on the matter, and granting physical custody of R.E to Father if Mother moved outside of the Bellwood School District.[3] Order, dated 2/24/17. Mother maintains that she never received notice of the Petition to Prohibit Relocation or the Ex Parte Order. On February 27, 2017, Mother relocated to Pittsburgh, Pennsylvania.

_____

[2] Mother maintains that she "researched the issue of location and incorrectly assumed that because it would not significantly impact [Father]'s time with the children as [Father] would still receive every other weekend then she did not have to file a Notice of Relocation." Mother's Brief at 6.

[3] The Ex Parte Order is dated February 24, 2017, but does not appear on the docket until February 28, 2017.

- 2 -

After a hearing, on March 7, 2017, the trial court entered an Order granting physical custody of R.E. to Father, granting physical custody of B.E. to Mother, and directing Mother to file a notice of proposed relocation within 10 days.[4]  Order, dated 3/7/17.  On March 13, 2017, Mother filed a Notice of Relocation ("Petition for Relocation") and on March 15, 2017, Mother filed a Petition for Emergency Special Relief requesting that the court vacate the March 7, 2017 Order and return physical custody of R.E. to Mother.[5]   In response, Father filed an Objection to Mother's Petition for Relocation and requested a hearing.

After a hearing on the Petition for Emergency Special Relief, on March 27, 2017, the trial court ordered physical custody of B.E. to remain with Mother, and physical custody of R.E. to remain with Father and Paternal Grandparents pending the last day of school and/or the custody relocation hearing.[6]  Order, dated 3/27/17.

On June 28, 2017, the trial court held a hearing on Mother's Petition for Relocation.  On July 19, 2017, the trial court denied Mother's Petition for

_____

[4] The Order is dated March 7, 2017, but does not appear on the docket until March 15, 2017.

[5] The Petition for Relocation is dated March 13, 2017, but does not appear on the docket until March 16, 2017.  The Petition for Emergency Special Relief is dated March 15, 2017, but does not appear on the docket until March 22, 2017.

[6] The Order is dated March 27, 2017, but does not appear on the docket until March 29, 2017.

Relocation concerning R.E., and physical custody of R.E. remained with Father. See Order, dated 2/24/17; Order, dated 3/7/17; Order, dated 3/27/17; Order and Opinion, dated 7/19/17. Upon agreement of the parties, the trial court granted the Petition for Relocation concerning B.E., and physical custody of B.E. remained with Mother. See id.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

    1.      Whether the trial court erred by finding that [] Appellant cannot relocate with her daughter, R.E., to the Pittsburgh area [and] the lower court misapplied the relocation factors in that all that [sic] the relocation factors, except preference of the child would favor [Mother]'s relocation with both children.

    2.      Whether the court erred by separating twin fourteen[-]year[-]old siblings?

Mother's Brief at 4 (some capitalization omitted).

When reviewing child custody and relocation matters, our standard of review is well settled:

Our paramount concern and the polestar of our analysis in this case, and a legion of prior custody cases is the best interests of the child. The best interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being. On appeal, our scope of review is broad in that we are not bound by deductions and inferences drawn by the trial court from the facts found, nor are we required to accept findings which are wholly without support in the record. On the other hand, our broad scope of review does not authorize us to nullify the fact-finding function of the trial court in order to substitute our judgment for that of the trial court. Rather, we are bound

- 4 -

by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. Further, on the issues of credibility and weight of the evidence, we defer to the findings [of] the trial judge. Additionally, appellate interference is allowed only where it is found that the custody order is manifestly unreasonable as shown by the evidence of record.

Saintz v. Rinker, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted). This Court may not interfere with a trial court's conclusions unless they "represent a gross abuse of discretion." Luminella v. Marcocci, 814 A.2d 711, 716 (Pa. Super. 2002).

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011. E.D. v. M.P., 33 A.3d 73, 77 (Pa. Super. 2011). A trial court must consider sixteen custody factors when deciding a Petition for Custody and ten relocation factors when deciding a Petition for Relocation. See 23 Pa.C.S. § 5328; 23 Pa.C.S. § 5337. The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child. 23 Pa.C.S. § 5337(i)(1). When a custody arrangement is only in dispute because one parent is choosing to relocate, a dual analysis of the custody factors and the relocation factors is appropriate, "with the best interest standard as the guide." S.J.S. v. M.J.S., 76 A.3d 541, 550 (Pa. Super. 2013).

Our Supreme Court has explained, "[a]lthough the express wishes of a child are not controlling in custody decisions, such wishes do constitute an

important factor that must be carefully considered in determining the child's best interest." McMillen v. McMillen, 602 A.2d 845, 847 (Pa. 1992) (citation omitted). Further, "[t]he child's preference must be based on good reasons, and the child's maturity and intelligence must be considered." Id. Finally, "[t]he weight to be given a child's testimony as to his preference can best be determined by the judge before whom the child appears." Id.

As stated above, we review Mother's arguments particularly recognizing that "we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." Saintz, supra at 512.

Mother first avers that the trial court misapplied the 23 Pa.C.S. § 5337 relocation factors by relying primarily on R.E.'s preference when the remaining relocation factors favor relocation with Mother. Mother's Brief at 13, 22. Mother argues that the trial court should consider each factor equally, and should only give weighted consideration to those factors that affect the safety of a child. Id. at 27. We disagree.

While Section 5337 compels a trial court to give weighted consideration to any relocation factors which affect a child's safety, it does not indicate that a trial court should only give weighted consideration to those factors affecting safety. See 23 Pa.C.S. § 5337(h). Rather, when making a decision under the Custody Act, "[i]t is within the trial court's

purview as the finder of fact to determine which factors are most salient and critical in each particular case." M.J.M. v. M.L.G., 63 A.3d 331, 339 (Pa. Super. 2013). Further, the statute does not indicate that a trial court should allow relocation if most factors are in favor of relocation. Rather, the standard is the "best interest of the child." See 23 Pa.C.S. § 5337(i)(1).

Instantly, the trial court opined:

The child R.E. stated a mature preference to remain in Blair County and live with [Father]. She is almost 14 and going into the 9th grade next year. She has been doing well in school and has a secure peer group of friends.

* * *

The child R.E. credibly testified that the move will not enhance her quality of life as she would have to change schools and have difficulty adjusting to the new school, making new friends, and dealing with new teachers and curriculum. She credibly asserted that it would be to her detriment to move. . . . She has had to change schools before and would find it difficult to do so again. She is doing well in school now and wants to continue that course. She is ambitious academically and feels she can best succeed in her current school. She is content to live with [Father] even though she has mainly lived with [Mother] before. The [c]ourt finds that the relocation would not benefit the needs of R.E., who would be best served by remaining in Blair County with [Father] and attending the Bellwood school.

Trial Court Opinion, dated 7/19/17, at 3-4; 5.

As stated above, it is for the trial court to determine what factors are most salient and critical in each particular case. M.J.M., supra.; see also McMillen, supra. The trial court considered R.E's maturity, intelligence, and reasons for her preference to live with Father, and a review of the record supports the trial court's conclusions. See McMillen, supra. The

trial court properly engaged in a dual custody and relocation analysis and the record supports the trial court's conclusions.[7] Accordingly, we find no error or abuse of discretion.

As to Mother's claim that the Custody Act presumes siblings should remain together and the trial court erred when it separated R.E. and B.E., Mother fails to cite any authority to support this contention, and, thus we find this claim waived. See Commonwealth v. B.D.G., 959 A.2d 362, 371-72 (Pa. Super. Ct. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.").

Even if Mother had properly developed the issue, it would warrant no relief. The trial court concluded, "[o]rdinarily, the [c]ourt strives to keep siblings together and has considered the presumption in this case. However, under these unique facts and with the maturely expressed preference of [R.E.] the [c]ourt believes it is best to permit the relocation of B.E. but deny

_____

[7] We acknowledge that the trial court only addressed nine of the relocation factors, neglecting to analyze factor (5), "Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party." 23 Pa.C.S. § 5337(h)(5). However, the trial court did address a comparable issue when it analyzed custody factor (1), "Which party is more likely to encourage and permit frequent and continuing contact between the child and another party." 23 Pa.C.S. § 5328(a)(1). The trial court opined, "[t]hese parties do not have high conflict and both encourage contact with the other." Trial Court Opinion, dated 7/19/17 at 7. Accordingly, we conclude that the trial court adequately considered the issues raised by relocation factor (5) in its analysis of custody factor (1) and, therefore, find no error.

it as to R.E." Trial Court Opinion, 7/19/17, at 6. The trial court has discretion to determine what factors are most salient and critical in each particular case and the record supports the trial court's findings. See M.J.M., supra. Accordingly, this issue is meritless.

In conclusion, the trial court issued an Opinion and Order that addressed the custody and relocation factors mandated in the Child Custody Act, primarily focusing on the best interest of R.E., and the record supports the findings. Therefore, the Order denying Mother's Petition for Relocation concerning R.E. is not manifestly unreasonable nor a gross abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2018